UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| WENDELL DWAYNE O'NEAL, | } |
| | } |
| Plaintiff, | } |
| | } |
| v. | } Case No.: 5:13-cv-02312-MHH |
| | } |
| JAMES P. SMITH, et al., | } |
| | } |
| Defendants. | } |

## MEMORANDUM OPINION

On March 30, 2015, the Court entered a memorandum opinion and order that dismissed with prejudice Mr. O'Neal's conspiracy claims (Counts I and IV) against defendants Madison County Circuit Court Judge James P. Smith and attorneys Mark Hess and Robert Wood, Jr. (Doc. 65). The Court also dismissed without prejudice Mr. O'Neal's constitutional due process and Americans with Disabilities Act (ADA) claims (Counts II and III) against Judge Smith. (Doc. 65). Consistent with the Court's March 30, 2015 memorandum opinion, Mr. O'Neal filed a motion for reinstatement of Counts II and III and for a ruling on the merits on Judge Smith's motion to dismiss these claims. (Doc. 66). The Court granted that motion on April 28, 2015. (Doc. 71). The Court traced the factual and procedural background of this action in its March 30, 2015 opinion. (*See* Doc. 65, pp. 4-15). The Court will not repeat the discussion here. For purposes of this

opinion, the Court incorporates the relevant facts as necessary to explain why Mr. O'Neal's third amended complaint fails to state a § 1983 due process claim or an ADA claim against Judge Smith.

## I.     RULE 12(b)(6) STANDARD

Pursuant to Rule 8(a)(2), a complaint must contain, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Generally, to survive a [Rule 12(b)(6)] motion to dismiss and meet the requirement of Fed.R.Civ.P. 8(a)(2), a complaint need not contain 'detailed factual allegations,' but rather 'only enough facts to state a claim to relief that is plausible on its face.'" *Maledy v. City of Enterprise*, 2012 WL 1028176, *1 (M.D. Ala. March 2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 570 (2007)). "Specific facts are not necessary; the statement needs only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555).

"Thus, the pleading standard set forth in Federal Rule of Civil Procedure 8 evaluates the plausibility of the facts alleged, and the notice stemming from a complaint's allegations." *Keene v. Prine*, 477 Fed. Appx. 575, 583 (11th Cir. 2012). "Where those two requirements are met . . . the form of the complaint is not significant if it alleges facts upon which relief can be granted, even if it fails to categorize correctly the legal theory giving rise to the claim." *Id.*

This is particularly true with respect to *pro se* complaints.  Courts must liberally construe *pro se* documents.  *Erickson*, 551 U.S. at 94.  "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'"  *Id.* (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see also Tannenbaum v. United States*, 148 F.3d 1262 (11th Cir. 1998) ("Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.").  *Cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").

When evaluating a motion to dismiss, the Court accepts the allegations contained in the plaintiff's complaint as true and construes them in the light most favorable to the plaintiff.  *See Brophy v. Jinagbo Pharms. Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015).

## II.   ANALYSIS

In counts two and three of his third amended complaint, Mr. O'Neal alleges that Judge Smith denied him access to state court in violation of the Fourteenth Amendment and the ADA because Judge Smith would not allow Mr. O'Neal to appear by telephone at a hearing on Mr. O'Neal's state court post-judgment motions.[1]  (Doc. 25, pp. 14, 18).  According to Mr. O'Neal, Judge Smith's

---

[1] Count Two is titled "Denial of Disability Accommodations to Access Court."  (Doc. 25, p. 14). Count Three is titled "Denial of Access of Court."  (Doc. 25, p. 18).  The factual allegations supporting both counts are nearly identical.  Although Mr. O'Neal's complaint separates these

November 26, 2013 order denying Mr. O'Neal's request to appear by telephone at the motion hearing compromised Mr. O'Neal's right to prosecute his lawsuit. (Doc. 25, p. 16, ¶ 50; Doc. 25, p. 19, ¶ 59).  Mr. O'Neal asserts that Judge Smith denied the request to participate via telephone "to conceal motives for dismissing [the state] lawsuit."  (Doc. 25, p. 17, ¶ 51; *see also* Doc. 25, p. 19, ¶ 60).  Mr. O'Neal also contends that Judge Smith denied Mr. O'Neal's post-judgment motions because Mr. O'Neal did not physically appear at the December 12, 2013 hearing.  (Doc. 25, p. 17, ¶ 53).

"Access to the courts is clearly a constitutional right, grounded in the First Amendment, the Article IV Privileges and Immunities Clause, the Fifth Amendment, and/or the Fourteenth Amendment." *Chappell v. Rich*, 340 F.3d 1279, 1282 (11th Cir. 2003) (citing *Christopher v. Harbury,* 536 U.S. 403, 415 n. 12 (2002)).  Mr. O'Neal's constitutional argument regarding Judge Smith's denial of his motion to appear at the post-judgment motion hearing by telephone implicates the due process clause of the Fourteenth Amendment to the United States Constitution.  "At its core, due process reflects a fundamental value in our American constitutional system."  *Boddie v. Connecticut*, 401 U.S. 371, 374 (1970).  The concept of due process is central to "a regularized, orderly process of

---

causes of action into two separate counts, the Court construes both counts as stating a single claim for denial of access to court in violation of in violation of the Fourteenth Amendment and the ADA.

4

dispute settlement." *Id.* at 375. It enables us "to maintain an ordered society that is also just." *Id.*

Due process requires "at a minimum, that absent a countervailing state interest of overriding significance, persons forced to settle their claims of right and duty through the judicial process must be given a meaningful opportunity to be heard." *Boddie*, 401 U.S. at 377. "Due process does not, of course, require that the defendant in every civil case actually have a hearing on the merits." *Id.* at 378.

> What the Constitution does require is 'an opportunity * * * granted at a meaningful time and in a meaningful manner,' *Armstrong v. Manzo*, 380 U.S. 545, 552, 85 S. Ct. 1187, 1191, 14 L.Ed.2d 62 (1965) (emphasis added), 'for (a) hearing appropriate to the nature of the case,' *Mullane v. Central Hanover Bank & Trust Co.*, *supra*, 339 U.S. at 313, 70 S. Ct. at 657. The formality and procedural requisites for the hearing can vary, depending upon the importance of the interests involved and the nature of the subsequent proceedings.

*Id.* "[T]he right to a meaningful opportunity to be heard within the limits of practicality, must be protected against denial by particular laws that operate to jeopardize it for particular individuals." *Boddie*, 401 U.S. at 379-80; *see also Goldberg v. Kelly*, 397 U.S. 254, 267 (1970) (same).

On November 25, 2013, Mr. O'Neal filed two motions. The first motion asked Judge Smith to set aside the final order dismissing Mr. O'Neal's state court lawsuit. (Document 142 in Case 47-CV-2013-000074.00).[2] The second motion

---

[2] The relevant underlying state court action is *O'Neal v. Auto Club Inter-Insurance Exchange, et al*, Case Number CV-2013-000074.00, Circuit Court of Madison County, Alabama. The record is available on the Alacourt website. The Court takes judicial notice of that record. *See Horne v.*

5

requested an "opportunity to make a telephone appearance to argue . . . the Motion to Set Aside the 11/14/2013 Final Order, if necessary. Otherwise, Plaintiff fully relies upon pleadings submitted before the Court." (Doc. 143, p. 2 in Case 47-CV-2013-000074.00). On November 26, 2013, Judge Smith set Mr. O'Neal's motion to vacate or modify for a hearing on December 11, 2013 and denied Mr. O'Neal's request to attend the hearing by phone. (Document 144 and Document 146 in Case 47-CV-2013-000074.00). On December 2, 2013, Mr. O'Neal filed a motion to recuse Judge Smith. (Document 148 in Case 47-CV-2013-000074.00). On December 6, 2013, Judge Smith set Mr. O'Neal's motion to recuse for a hearing on December 11, 2013. (Document 153 in Case 47-CV-2013-000074.00). On December 9, 2013, Mr. O'Neal filed a supplemental motion to vacate Judge Smith's dismissal of his action. (Doc. 155 in Case 47-CV-2013-000074.00). On December 16, 2013, Judge Smith denied Mr. O'Neal's post-judgment motions. (Doc. 161 in Case 47-CV-2013-000074.00).

Mr. O'Neal argues that Judge Smith denied the post-judgment motions because Mr. O'Neal did not attend the December 11, 2013 hearing. (Doc. 25, p. 17, ¶ 53). Judge Smith's December 16, 2013 order notes Mr. O'Neal's absence

---

*Potter*, 392 Fed. Appx. 800, 802 (11th Cir. 2010) (district court properly took judicial notice of documents related to the plaintiff's previous civil action because the documents "were public records that were 'not subject to reasonable dispute' because they were 'capable of accurate and ready determination by resort to sources whose accuracy could not reasonably be questioned.'") (quoting Fed. R. Evid. 201(b); other internal citations omitted). The Court cites to Alacourt entries by the document number and case number.

from the hearing, but the order does not suggest that Judge Smith denied Mr. O'Neal's post-judgment motions because Mr. O'Neal was not present at the hearing. In his order, Judge Smith stated:

> This matter came before the Court on December 11, 2013 for the duly scheduled hearing on all of plaintiff[']s post-judgment motions, as supplemented, amended and briefed, (1) to vacate, modify or set aside the November 14, 2013 Final Order of Dismissal, (2) for default judgments against defendants David Seymour and Carol Hanser, (3) for recusal of the undersigned judge. Counsel for the defendant was present. Neither plaintiff nor any representative on his behalf appeared.
>
> Upon consideration of the foregoing motions and of the entire record of this case it is ORDERED that all of plaintiffs' pending motions and requests for relief filed since the entry of the November 14, 2013 Final Order of Dismissal are OVERRULED and DENIED.

(Doc. 161 in Case 47-CV-2013-000074.00). The order expressly provides that Judge Smith considered Mr. O'Neal's motions and the entire state court record. Therefore, the record does not support Mr. O'Neal's contention that Judge Smith denied the motions simply because Mr. O'Neal did not attend the hearing on the motions.

Moreover, Judge Smith's order denying Mr. O'Neal's request to appear by phone at the December 11, 2013 hearing did not prevent Mr. O'Neal from prosecuting his state lawsuit. Throughout the underlying state court action, Mr. O'Neal filed motions and briefs in support of his positions. The same is true with respect to the post-judgment motions. Mr. O'Neal filed at least four post-judgment

7

motions. (Documents 142, 143, 148, 155 in Case 47-CV-2013-000074.00). Notably, Mr. O'Neal's motion requesting a telephone appearance to argue his motion to set aside the dismissal of his case asks for such an appearance "if necessary," and states that otherwise, Mr. O'Neal will rely on his pleadings. (Document 143 in Case 47-CV-2013-000074.00). Mr. O'Neal has not stated facts suggesting that Judge Smith's denial of Mr. O'Neal's motion to appear by telephone at the post-judgment motion hearing "frustrated or impeded" Mr. O'Neal's ability to present his arguments to the state court. *See Bass v. Singtletary*, 143 F.3d 1442, 1446 (11th Cir. 1998). Mr. O'Neal received access to the state court through written motions, and Judge Smith permitted Mr. O'Neal a meaningful opportunity to be heard through briefing on the post-judgment motions. *See Boddie*, 401 U.S. at 377.

A similar analysis applies to Mr. O'Neal's disability accommodation claim under the ADA. Mr. O'Neal claims that Judge Smith compromised Mr. O'Neal's right to prosecute his action in violation of Title II of the ADA by denying Mr. O'Neal's request for a telephone appearance at the post-judgment motion hearing. (Doc. 25, ¶¶ 48, 50, 51). According to Mr. O'Neal, his motion requesting a telephone appearance explained that Mr. O'Neal received a fixed income and that he qualified for a "telephone appearance disability accommodation" because of his "record of permanent disability" of which Judge Smith was aware. (Doc. 25, ¶¶

44, 48). Again, Mr. O'Neal contends that Judge Smith denied the motion to appear by telephone "to conceal [Judge Smith's] motives for dismissing [Mr. O'Neal's] lawsuit." (Doc. 25, ¶ 51). Accepting these allegations in Mr. O'Neal's third amended complaint as true, these facts do "not allege actual injury in pursuing [his state court] case." *See McCauley v. Georgia*, 466 Fed. Appx. 832, 837 (11th Cir. 2012).

In *McCauley*, the Eleventh Circuit affirmed a district court's dismissal of a *pro se* plaintiff's Title II ADA claims against a state court judge and other defendants in which the plaintiff claimed that the judge denied her access to the courts. *Id.* at 834, 837. The plaintiff alleged that the clerk's office did not assign a single contact person; the clerk's office was not adequately responsive to the plaintiff's needs; and the judge and his clerks did not have appropriate sensitivity training. *Id.* at 834. The plaintiff conceded that she was allowed to file documents via e-mail, and she appeared at a hearing via telephone. The plaintiff filed both a motion for summary judgment and a motion for reconsideration in her state court case. *Id.* at 837. The state court judge "considered the motion for summary judgment on the merits before ultimately denying it, and the court denied the motion for reconsideration." *Id.* Therefore, the plaintiff "was able to access the court and have her case heard on the merits," and she was unable to show actual injury or "state an access to the court claim under the ADA." *Id.*

Although Mr. O'Neal did not receive an opportunity to participate in the post-judgment hearing by telephone, like the plaintiff in *McCauley*, Mr. O'Neal was able to access the court through numerous motions and briefs. As discussed above, Judge Smith's order denying Mr. O'Neal's post-judgment motions states that Judge Smith considered the motions and the entire record. (Doc. 161 in Case 47-CV-2013-000074.00). Accordingly, Mr. O'Neal has not alleged facts that demonstrate that he suffered an injury. Consequently, his access to court claim under the ADA fails to state a claim upon which relief may be granted. *See McCauley*, 466 Fed. Appx. at 837.

### III. CONCLUSION

For the reasons outlined above, the Court **GRANTS** Judge Smith's motion to dismiss counts two and three. The Court **DISMISSES WITH PREJUDICE** Mr. O'Neal's due process and ADA access to court claims against Judge Smith.

The Court will enter a separate final judgment consistent with this memorandum opinion and the Court's March 30, 2015 memorandum opinion and order. The Court asks the Clerk to please mail a copy of this memorandum opinion to Mr. O'Neal.

**DONE** and **ORDERED** this May 11, 2015.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE